UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGASUS IMAGING CORPORATION,
a Florida Corporation,

      **Plaintiff,**

                                                   Case No.

      vs.

ALLSCRIPTS HEALTHCARE SOLUTIONS,
INC., a Delaware Corporation, and
ALLSCRIPTS, LLC, a Delaware                      **JURY TRIAL DEMANDED**
Limited Liability Company,

                                                  **INJUNCTIVE RELIEF**
      **Defendants**                               **REQUESTED**
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## AND
## DEMAND FOR JURY TRIAL

      Plaintiff, Pegasus Imaging Corporation, a Florida corporation ("Pegasus" or "Plaintiff") hereby files this, its Complaint for Damages and Injunctive Relief and Demand for Jury Trial against Allscripts Healthcare Solutions, Inc., a Delaware corporation ("AHS") and Allscripts, LLC, a Delaware limited liability company ("Allscripts"), (Allscripts and AHS are referred to collectively herein at times as "Defendants") and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

      1.    This Court has federal question jurisdiction over this case or controversy pursuant to 28 U.S.C. Sections 1331 and 1338(a) by virtue of the United States Copyright Act, 17 USC Section 101, et seq. and the United States Trademark (Lanham) Act, 15 USC Section 1051, et seq.. The Court also has jurisdiction of this cause pursuant to 28

{00028441.DOC;2}

U.S.C. Section 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

2.     This Court has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. Section 1367 because the state law claims are so related to the original jurisdiction federal claims raised herein that they form a part of the same case or controversy under Article III of the United States Constitution. Further, there exists no reason for this Court to decline to exercise supplemental jurisdiction under subsection (c) of 28 U.S.C. Section 1367.

3.     Plaintiff, Pegasus, is a corporation organized and existing pursuant to the laws of the state of Florida and is authorized to do business in Florida. Pegasus is in the business of creating, producing, selling, and distributing computer software that produces a full range of document imaging toolkits, bar coding software and forms processing technology, medical image compression, software development kits ("SDKs"), photo editing, compression imaging libraries, browser-based image viewers, video codecs and related technologies which provide or improve and enhance imaging software solutions. Plaintiff's principal place of business is, and at all material times referenced herein was, in Tampa, Hillsborough County, Florida.

4.     Defendant Allscripts Healthcare Solutions, Inc. ("AHS") is a corporation organized and existing pursuant to the laws of the state of Delaware. AHS is publicly traded on the NASDAQ stock exchange and does business through offices and/or agents throughout the United States, including the state of Florida. AHS is a provider of clinical software, connectivity and information solutions that physicians use in healthcare. AHS operates through "business units" which provide healthcare related software applications

such as electronic health records, practice management, e-prescribing, document imaging, care management solutions, clinical product education, medication fulfillment, and general connectivity solutions for physicians and patients located throughout the United States, including but not limited to within and throughout the state of Florida. AHS owns 100% of the units of Allscripts, LLC. Additionally, AHS is the sole Manager of Allscripts, LLC, and thus directly and wholly controls and directs the day-to-day and long term operations and activities conducted in the name of Allscripts. All revenues and profits of Allscripts inure to the benefit of AHS and are directly and without distinction incorporated into the public financial statements of AHS and are presented and reported as the financial information and statements of AHS.

     5.    Allscripts, LLC ("Allscripts") is a Delaware limited liability company and is a wholly-owned subsidiary of Allscripts Healthcare Solutions, Inc. Allscripts provides computer hardware, electronic medical records software and related maintenance and support services to physicians throughout the United States, including, but not limited to within and throughout the state of Florida. Allscripts does business throughout Florida and maintains numerous offices and/or agents in towns and cities throughout Florida and is registered with the Florida Secretary of State as an entity doing business within Florida. AHS is listed as the sole Manager of Allscripts on Allscripts' registration and annual reports filed with the Florida Secretary of State.

     6.    On or about August 1, 2003, AHS acquired 100% of the outstanding common stock of a now dissolved corporation which was known as Advanced Imaging Concepts, Inc. ("AIC"). AHS acquired AIC to include AIC's electronic document

imaging, scanning, barcoding and similar solutions into Allscripts' suite of clinical software product offerings.

7.     Prior to being acquired by AHS in 2003, AIC existed as a separate and independent entity providing computer software solutions, products and service.   AIC was an Indiana Corporation but was dissolved at AHS' direction in 2006.

8.     Upon acquiring AIC, Allscripts Healthcare Solutions, Inc. ("AHS") integrated, merged or otherwise combined AIC and its holdings into itself (AHS) upon which time and event AHS became the successor of AIC, assuming and succeeding to all of AIC's rights, obligations and liabilities.   Accordingly, AHS has been, and to this day is, the successor in interest, to AIC, with AHS assuming and responsible for all of the liabilities of AIC.

9.     The causes of action brought in this complaint are set forth and described in the corresponding counts as follows:

i.     Count I is an action for breach of a license agreement against AHS, given that AHS is the successor in interest to AIC, and succeeded to the License Agreement at issue with Pegasus;

ii.     Count II is an action for violation of the Federal Copyright Act against Allscripts with regard to past and continuing violations of the Federal Copyright Act;

iii.     Count III is an action for violation of the Federal Copyright Act against AHS because AHS has infringed, in a vicarious and contributory manner, Pegasus's rights and copyrights in and relating to Pegasus's Software. This count addresses AHS's liability for past and continuing vicarious and contributory infringement and is based upon AHS's knowledge regarding, its right and ability to supervise, its material

4

contribution to and its receipt of direct financial benefit as a result of, the infringing conduct of Allscripts;

      iv.    Count IV is an action for violation of the Florida Uniform Trade Secrets Act against Allscripts with regard to past and continuing violations of the Florida Uniform Trade Secrets Act;

      v.    Count V, is an action for violation of the Florida Deceptive and Unfair Trade Practices Act against AHS with regard to past and continuing violations of the Florida Deceptive and Unfair Trade Practices Act; and

      vi.    Count VI, is an action for reverse passing off (also known as "reverse palming off") pursuant to the Lanham Act, 15 U.S.C. 1125(a) against Allscripts with regard to past and continuing violations of the Lanham Act.

      10.    This Court has personal jurisdiction of the Defendants Allscripts and AHS pursuant to Fla. Stat. § 48.193, as follows: (a) pursuant to Fla. Stat. § 48.193(1)(a), in that the Defendants and each of them are operating, conducting, engaging in, or carrying on a business or business venture in this state or have an office or agency in this state; (b) pursuant to Fla. Stat. § 48.193(1)(b), in that the Defendants and each of them has committed a tortious act within this state; (c) pursuant to Fla. Stat. § 48.193(1)(f), in that the Defendants and each of them has caused injury to property within this state arising out of an act or omission by said Defendants outside this state and either the Defendants were engaged in solicitation or service activities within the state or products, materials or things processed, serviced or manufactured by the Defendants anywhere were used or consumed within this state in the ordinary course of commerce, trade or use; (d) pursuant to Fla. Stat. § 48.193(1)(g), in that the Defendants and each of them breached a contract

in this state by failing to perform acts required by the contract to be performed in this state; (e) pursuant to Fla. Stat. § 48.193(2), in that the Defendants and each of them is engaged in substantial and not isolated activity within this state.

11.    The Defendants and each of them have purposely availed themselves of the privilege of conducting activities within the state of Florida, thus invoking the benefits and protections of its laws, and there are adequate minimum contacts such that the Defendants and each of them should reasonably anticipate being haled into court in Florida. Additionally, the Defendants have and continue to sell into the state of Florida products and services which contain and infringe upon Pegasus' Software.

12.    AHS and Allscripts are doing business in Florida over the internet via a fully interactive website accessible within the state of Florida (www.allscripts.com) and via which AHS and Allscripts, among other things: advertise and promote products; maintain a full current product catalog with over 100,000 products; provide fully interactive mechanism to submit electronic inquiries to the company for products, services and consultations, provides a client login support system (or portal) for a "Clients-Only Website for Support Communication" that permits customers, via the internet, among other things to log cases; provide access and use to customers of Allscripts and AHS of an automated case management system, provide access and use to customers of product and contact information; provide access and use to customers for the submission of cases for over the internet consultation and review by AHS and Allscripts through the customer component of the case management system; provide access and use to customers for an electronic submission of cases directly to the "Resolution Center" run by AHS and Allscripts (which allows customers to follow the

6

status of each issue through the tracking and resolution process); provide access and use to their customers and potential customers of the ability to make online orders for products of AHS and Allscripts; accept buyer purchase orders for their products for buyers located throughout the country, including those within Florida; accepts credit card payments for buyers and customers located throughout the country, including within Florida; allows customers located throughout the country, including those within Florida to enter into and agree to Terms & Conditions associated with specific products; and accepts online orders to be charged to existing customer accounts, including those customers located within Florida.   Upon information and belief, AHS and Allscripts maintain open accounts with retailers, distributors and others within the state of Florida; ship their products to retailers, distributors, end-users and others within the State of Florida; accept payments remitted electronically or otherwise from retailers, distributors, end-users and others within the state of Florida; electronically publish via its internet site, copies and descriptions of its products within the state of Florida; and derive a significant amount of revenue from sales made to retailers, distributors or others located within the state of Florida.

13.     The exercise of jurisdiction over the Defendants and each of them would not offend traditional notions of fair play and substantial justice.

14.     Venue lies in the Middle District of Florida pursuant to 28 U.S.C. Sections 1400(a) and 1391 (b) (1), (2) and/or (3) and 1391 (c) as the Defendants "reside" in this district and are subject to personal jurisdiction in this district and division, the Defendants entered into contracts in this judicial district, a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and one or

more of the Defendants may be found in and are subject to personal jurisdiction in this district.

15.    The case or controversy is appropriately heard in the Tampa Division in the Middle District of Florida pursuant to the Middle District Local Rule 1.02(c), as the Tampa Division encompasses the counties having the greatest nexus with the causes of action and claims of the Plaintiff alleged herein.   All conditions precedent to the maintenance of this cause have been performed or have occurred.

## BACKGROUND AND FACTS
## SUPPORTING REQUESTED RELIEF

16.    Pegasus creates, develops, supports and licenses a number of computer software programs.  One such program is Pegasus' "Barcode Xpress" program formerly known as "Smartscan Xpress Barcode" (herein "Barcode Xpress" or "Software"), which is a high-speed computer software barcode recognition toolkit.  Barcode Xpress writes barcodes, locates barcodes anywhere on a page, decodes the barcode(s) and, upon location, reports their contents and recognition confidence values.  Pegasus authored the Barcode Xpress Software, and the Software contains material wholly original and owned by Pegasus.  The Software is built upon a source code, the human-readable form of instructions/programming statements that were created or programmed by Pegasus to build the Software ("Source Code").

17.    On or about approximately April 11, 2002, AIC obtained and licensed from Pegasus the Barcode Xpress Software pursuant to an accompanying license agreement, which AIC, AHS and Allscripts have acknowledged, a copy of which is attached hereto as Exhibit "A" (the "License" or "License Agreement").

18.     While Pegasus permitted AIC limited rights (to which AHS would have succeeded as the successor to AIC) to use the Software pursuant to and consistent with the License Agreement, Pegasus retained all ownership and copyright in and to the Software, and any right to use the Software was limited to the terms and conditions provided in the License.

19.     On information and belief, after AHS acquired AIC, AHS (without notice to or authorization from Pegasus) transferred, passed along and/or otherwise provided Pegasus' Software to Allscripts. Pegasus is informed and believes and based thereon further alleges that AHS personnel were also aware of and facilitated Allscripts' use of Pegasus Software, including the unauthorized copying, manipulation, decompiling, manipulation and other improper and unauthorized use of Pegasus' Software without Pegasus' knowledge, and without the payment of any license or other fees to Pegasus whatsoever. Since the acquisition of AIC to the present and continuing, Allscripts has copied, used, possessed, manipulated, and decompiled Pegasus' Software in violation of and without any arguable right under the License Agreement to do so. Such violations and breaches by Allscripts continue and are ongoing.

20.     Since entering into the license with Pegasus, AIC, and now AHS, reported to Pegasus that there was no use of Barcode Xpress and that pursuant to the License, AIC and AHS did not owe any payments to Pegasus. Neither did Allscripts report any use of Barcode Xpress. Despite such reports from AIC and AHS (and the lack thereof from them and Allscripts), however, it now appears to Pegasus that at some point after AHS obtained Pegasus' Barcode Xpress Software from AIC and provided it to Allscripts, unknown to Pegasus, Allscripts started copying, decompiling, manipulating and/or using

the Software to develop, implement, augment and provide products and services to customers and clients of AHS and Allscripts.

21.     On information and belief Allscripts has copied, placed and included Pegasus' barcode Xpress Software and/or portions thereof, wholly original and owned by Pegasus, in certain products or "solutions" of Allscripts and AHS, including TouchChart, ImpactMD (also known as "Allscripts Document Imaging") and TouchWorks (also known as "Allscripts Enterprise EHR"), in a manner that exceeded the scope of the License Agreement and that was unauthorized and improper.  To date, Allscripts products containing Pegasus' Software have been developed, sold and distributed throughout the United States and other locations worldwide, including within Florida.

22.     Upon information and belief, Pegasus' Software has been, without Pegasus' knowledge or authorization, inserted, placed into and/or used in tens (or more) of thousands of products and applications which were sold by, or for which fees and payments were collected by, both Allscripts and AHS.  Until recently, AHS and Allscripts have denied or refused to admit to Pegasus that such infringement had and continues to occur.  Pegasus still does not know when the infringement started or the full extent of it; however, despite that the Defendants have now acknowledged the infringement, Pegasus has yet to be paid any licensing, royalty or remuneration of any kind.

23.     On information and belief, AHS, fully aware of the breadth of sale and distribution of Allscripts products, including those which included Pegasus' Barcode Xpress Software, continued to facilitate Allscripts copying and/or use of Pegasus Software within such products and, continued to develop, copy, place and include

Pegasus' Barcode Xpress Software, and/or portions thereof wholly original and owned by Pegasus in such products. Additional releases and versions of Allscripts products were sold and distributed throughout the United States including within Florida and other locations worldwide such that there has been the copying and distribution of unknown copies of Pegasus' Software.

24.     Pegasus has inquired about the copying, use and/or placement of Pegasus' Barcode Xpress Software in or into Allscripts products. Pegasus received limited, negative, or no responses from AIC, AHS and Allscripts, before a recent acknowledgement that Barcode Xpress Software has been, and continues to be, in the products of AHS and Allscripts. Pegasus has implored AHS and Allscripts to cease and desist from continuing to violate Pegasus' rights and such wrongful conduct described and complained of herein and requested, but AHS and Allscripts have failed and refused to honor or abide by Pegasus' requests.

25.     Upon information and belief Defendants – each of them – Allscripts and AHS - has realized tens of millions of dollars (if not more) from sales and distribution of products containing Pegasus' Software.

26.     The entities involved in this matter, AHS and Allscripts, are routinely held out and presented as, simply, "Allscripts," such that materials relating to sales, marketing, press releases, letterhead and email addresses, regularly do not indicate to which actual entity, if any, the item corresponds or pertains.

## COUNT I

## BREACH OF LICENSE AGREEMENT
## AGAINST ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.

27.    Plaintiff Pegasus hereby re-alleges and incorporates by reference paragraphs 1 through 26 above as if set forth herein.

28.    This count is an action for breach of license agreement against AHS.

29.    On or about approximately April 11, 2002, AIC licensed and obtained the Barcode Xpress Software from Pegasus for the limited use(s) as specified pursuant to an accompanying license agreement, which  a copy  of which is attached hereto as Exhibit "A" (the "License" or "License Agreement").

30.    The License clearly indicates that, regarding Pegasus' Barcode Xpress Software, AIC, as the licensee, was granted the right to use and include Barcode Xpress runtimes in AIC's products for the purposes of development, technical support, maintenance and warranty service of AIC's products, and to use, reproduce, display or otherwise distribute and transfer copies of Barcode Xpress runtimes, in executable form only, as an integral part of AIC product applications.

31.    The License provided that AIC was only granted the rights regarding Barcode Xpress expressly stated in the License.  In exchange for the rights granted in the License, AIC agreed to report promptly (within 15 days) to Pegasus all instances where Barcode Xpress was used or installed regarding an AIC product, and pay to Pegasus a licensing fee calculated pursuant to a fee schedule, for the license to use Barcode Xpress.

32.    Further, the License required AIC to include a statement substantially similar to the following within AIC's electronic documentation: "Product contains

portions of imaging code owned and/or licensed by Pegasus Imaging Corporation, Tampa, FL. ALL RIGHTS RESERVED." The License also provided a recognition that Pegasus' Barcode Xpress Software is confidential and proprietary and AIC agreed not to disclose it.

33.    It has now become apparent, however, that contrary to and in breach of the License, AHS provided and gave copies of the Software to Allscripts and oversaw Allscripts' manipulation, conversion, copying, use, decompiling, reproduction, display and transfer of copies of Pegasus' Barcode Xpress Software into or with products and services sold by Allscripts and AHS but failed to report same to Pegasus and failed to pay Pegasus any license fees for same.  Alternatively, or in addition, AHS, after acquiring Pegasus' Software via AIC, provided Pegasus Software to its affiliated company, Allscripts, for Allscripts to copy, insert and use in products and services that Allscripts provided to its and/or AHS' customers, again without reporting or paying Pegasus regarding same.  Further, AHS failed to include the aforementioned statement that the product(s) contained Pegasus' code in or with its products or services to alert and advise customers that such products and applications contained Pegasus' Software.

34.    As a direct result of AHS's breach of the License, Pegasus has suffered substantial damages in the form of lost profit, revenues, and lost license fees,  and has had its Software distributed to unauthorized and unknown persons and entities, without compensation.

35.    As a result of its acquiring Pegasus' Software and all liabilities and obligations under the accompanying License from AIC, AHS is, by operation of law, liable for the breach of the License Agreement and wrongful actions described in this

count which have been committed and is the actor breaching the License (to which it succeeded) presently and continuing and is thus also liable for such ongoing and continuing breaches as well.

WHEREFORE, Plaintiff, Pegasus, demands judgment for damages, including direct, indirect, consequential and special damages, against Allscripts Healthcare Solutions, Inc. plus prejudgment interest, an accounting of licenses and copies of the Software wrongfully distributed without authorization, an order that Allscripts Healthcare Solutions, Inc., its agents, employees and representatives and all other persons in active concert or privity or in participation with it, be enjoined to return to Pegasus any originals, copies, facsimiles or duplicates of the Software in their possession, custody or control and demands trial by jury and such other and further relief as the Court deems proper.

**COUNT II**

**COPYRIGHT INFRINGEMENT**
**(Violation of 17 U.S.C. Section 101 et seq., The Federal Copyright Act)**
**AGAINST ALLSCRIPTS LLC**

36.     Plaintiff Pegasus hereby re-alleges and incorporates by reference paragraphs 1 through 26, above as if set forth herein.

37.     This count is an action for violation of the Federal Copyright Act against Allscripts LLC with regard to infringement of Pegasus' Barcode Xpress Software.

38.     Pegasus authored the Barcode Xpress Software, and the Software contains, and is, material wholly original and is copyrightable subject matter under applicable law immediately upon creation.

39.     Since authoring and developing the Barcode Xpress Software, Pegasus has been and still is the sole proprietor of all its rights, title and interest in and to all copyrights in the Software.

40.     Further, on or about August 29, 2008, Pegasus registered its copyright in its Software with the Register of the United States Copyright Office in Washington D.C. (a copy of the Acknowledgement of Receipt from the Copyright Office is attached hereto as Exhibit "B") thus providing Pegasus additional specific rights for the enforcement of its copyright and redress for any infringement thereof.  Pegasus has complied in all respects with the Copyright Act, 17 U.S.C. Section 101, et seq. (the "Copyright Act").

41.     While Pegasus permitted AIC limited rights to use the Software pursuant to the License Agreement (and which were subsequently transferred to or acquired by AHS), Pegasus retained all ownership and copyright in and to the Software, and AIC's (and then AHS's) rights to use the Software were limited to the terms and conditions provided in the License.

42.     As described in paragraphs 31 through 33, Allscripts has used the Software in a manner which is outside of and in violation of the License.

43.     Pegasus is informed and believes and based thereon alleges that Allscripts copied, placed and/or incorporated Pegasus' Software, or portions thereof, which are identical or substantially similar to Pegasus' Barcode Xpress Software, into one or more products or services of Allscripts and AHS, including Impact MD (also known as "Allscripts Document Imaging"), TouchChart and/or TouchWorks (also known as "Allscripts Enterprise EHR"), but failed to report to and/or pay Pegasus for same, thereby infringing and continuing to infringe Pegasus' rights and copyrights in and to the

15

Software. These and the other previously-mentioned similar acts of Allscripts were done knowingly and willfully.

44.    Allscripts is now in position to control and does in fact control Pegasus' Software and source code, as well as contracts, affiliations and relationships under which the infringement of same was accomplished and continues to be conducted and is, and has been, in a position to stop continuing infringement and damages being committed against Pegasus and against whom injunctive relief is warranted.

45.    The foreseeable and probable result of the aforesaid conduct of Allscripts has been and will continue to deprive Pegasus of business and licensing of its Software, to deprive Pegasus of goodwill, and to injure Pegasus' relations with other potential licensors or authorized users of the Software, and to impose substantial expenses on Pegasus to counteract the aforesaid conduct.

46.    Pegasus is informed and believes and based thereon alleges that it has lost or will lose license revenue for its Software, and has sustained or will sustain damages as a result of Allscripts aforesaid wrongful conduct and its infringement of Pegasus' Software.

47.    Allscripts was and continues to be unjustly enriched by, its copying, use, distribution, reproduction and marketing of the Software and works derived therefrom.

48.    Pegasus notified Allscripts that it misappropriated Pegasus' rights in the Software and requested that Allscripts cease such activities.  Allscripts, despite having knowledge of the misappropriation and infringement of Pegasus' Software, by among other things, Pegasus' giving Allscripts notice thereof, has refused to cease infringement and has continued to infringe upon Pegasus' rights.

49.     Allscripts has used, copied and/or maintained possession of, and Allscripts has and continues to use, copy and/or maintain possession of Pegasus' copyrighted Software, to the detriment of Pegasus, without authorization of Pegasus, and contrary to Pegasus' request to cease such activities, thereby gaining substantial income and revenues for Allscripts through the infringement of Pegasus' copyright.

50.     Pegasus believes that unless enjoined by this Court, Allscripts intends to continue its course of conduct, and to wrongfully use, infringe upon, sell, license, and/or otherwise profit from Pegasus' Software and works derived therefrom. As a direct and proximate result of the acts of Allscripts alleged herein, Pegasus has already suffered irreparable damages and has sustained lost revenues, profits and/or monies.

51.     Pegasus has no adequate remedy at law to redress all of the injuries caused and which Allscripts continues to cause.  Pegasus will continue to suffer irreparable damages and to sustain lost revenues, profits and/or monies until Allscripts' continuing infringement and actions alleged herein are enjoined by this Court.

52.     By means of the actions described herein, Allscripts infringed and will continue to infringe Pegasus's rights and copyrights in and relating to Pegasus's Software.

53.     Pegasus is entitled to an injunction restraining Allscripts, and its agents and representatives and all persons acting in concert with it, from engaging in further such acts in violation of the copyright laws.

54.     Pegasus is further entitled to recover from Allscripts' the damages it has sustained and will sustain as a result of Allscripts' continuing wrongful acts as herein described and alleged.  The amount of such damages cannot be determined at this time.

Pegasus is further entitled to recover from Allscripts the gains, profits and advantages Allscripts obtained as a result of its wrongful acts as herein-above described and alleged, as well as any available statutory damages or attorneys' fees provided by the Copyright Act. Pegasus at present is unable to ascertain the full extent of the gains, profits, and advantages obtained by reason of their aforesaid acts of copyright infringement.

WHEREFORE, Plaintiff, Pegasus, demands trial by jury of all issues so triable and judgment against Allscripts, LLC, as follows:

a.     Allscripts, be held to have infringed Pegasus' copyrights and Pegasus' Software;

b.     That Allscripts, its agents, employees, representatives and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Pegasus' copyrights in its Software or continuing to use, copy, market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Software or to participate or assist in any such activity;

c.     That Allscripts, its agents, employees and representatives and all other persons in active concert or privity or in participation with them, be enjoined to return to Pegasus any originals, copies, facsimiles or duplicates of the Software in their possession, custody or control;

d.     That Allscripts be enjoined to recall from all of its customers, distributors, wholesalers, jobbers, dealers, retailers, non Pegasus-licensed customers and distributors and all others known to Allscripts any originals, copies, facsimiles or duplicates of any works shown by the evidence to infringe any Pegasus copyright;

e.      That Allscripts be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe any Pegasus copyright;

f.      That Allscripts be required to file with the Court and to serve on Pegasus within thirty (30) days after service of the Court's Order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Allscripts complied with the Court's Order;

g.      That judgment be entered for Pegasus and against Allscripts, for Pegasus' actual damages according to proof, and for any additional profits attributable to infringements of Pegasus' copyright, in accordance with proof;

h.      That judgment be entered for Pegasus and against Allscripts, for statutory damages based upon any and all acts of infringement, as well as increased damages for knowing and willful infringement, as available pursuant to the Copyright Act. 17 U.S.C §101 et seq.;

i.      That Allscripts be required to account for all gains, profits and advantages derived from their acts of infringement or for their other violations of law;

j.      That all gains, profits and advantages derived by Allscripts from its acts of infringement be deemed to be in constructive trust for the benefit of Pegasus;

k.      That Pegasus have judgment against Allscripts for its costs and attorney's fees pursuant to 17 U.S.C. Section 505; and/or

l.      That the Court grant such other, further and different relief as the Court deems proper under the circumstances.

<u>COUNT III</u>

<u>COPYRIGHT INFRINGEMENT</u>
<u>(Violation of 17 U.S.C. Section 101 et seq., The Federal Copyright Act)</u>
<u>AGAINST ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.</u>
(VICARIOUS AND CONTRIBUTORY INFRINGEMENT)

55.     Plaintiff Pegasus hereby re-alleges and incorporates by reference paragraphs 1 through 26 and paragraphs 43 through 44 above as if set forth herein.

56.     This count is an action for violation of the Federal Copyright Act against AHS because AHS has infringed, in a vicarious and contributory manner, Pegasus' rights and copyrights in and relating to Pegasus' Software.  AHS's liability to Pegasus for vicarious and contributory infringement stems from AHS's knowledge regarding, its right and ability to supervise, its material contribution to and its receipt of direct financial benefit as a result of, the infringing conduct of Allscripts, including the infringing conduct of Allscripts which continues.

57.     Pegasus authored the Barcode Xpress Software, and the Software contains, and is, material wholly original and is copyrightable subject matter under applicable law immediately upon creation.

58.     Since authoring and developing the Software, Pegasus has been and still is the sole proprietor of all its rights, title and interest in and to all copyrights in the Software.

59.     Further, on or about August 29, 2008, Pegasus registered its copyright in its Software with the Register of the United States Copyright Office in Washington D.C. (a copy of the Acknowledgement of Receipt from the Copyright Office is attached hereto as Exhibit "B") thus providing Pegasus additional specific rights for the enforcement of

its copyright and redress for any infringement thereof.  Pegasus has complied in all respects with the Copyright Act, 17 U.S.C. Section 101, et seq. (the "Copyright Act").

60.     While Pegasus permitted AIC limited rights to use the Software pursuant to the License Agreement (and which were subsequently transferred to or acquired by AHS), Pegasus retained all ownership and copyright in and to the Software, and AIC's (and then AHS's) rights to use the Software were limited to the terms and conditions provided in the License.

61.     As described in paragraphs 31 through 33, Allscripts had no authorization or license to use or possess the Software, nor to use the Software in a manner it has without any reporting or payment to Pegasus, which is outside of and in violation of the License.

62.     Pegasus is informed and believes and based thereon alleges that AHS, subsequent to the 2003 acquisition of AIC, had the right and ability to supervise, direct and control Allscripts and Allscripts employees, and, in fact, did supervise, direct and control Allscripts and Allscripts employees, generally, and specifically regarding the infringing conduct, through direct and indirect reporting requirements, chain of command, interlocking officers and payroll control.  On information and belief, AHS exercised considerable control over and was involved in the crucial decisions and the daily process that involved Allscripts' decompiling, manipulation, copying, placing and inclusion of Pegasus' barcode Xpress Software and/or portions thereof, wholly original and owned by Pegasus, in certain Allscripts and AHS products, including Impact MD (also known as "Allscripts Document Imaging"), TouchChart and/or TouchWorks (also

known as "Allscripts Enterprise EHR"), in an infringing and improper matter. Further, as mentioned above, AHS is the sole Manager of Allscripts.

63.    On information and belief, Allscripts officers and employees reported directly to AHS, as AHS is the Manager of Allscripts, or to employees and officers of AHS, through joint meetings, teleconferences, face-to-face meetings and intra-office and interoffice emails regarding ImpactMD, TouchChart, TouchWorks and other potential infringing products directly regarding the decompiling, copying and insertion of Pegasus' Software into such products. As a result of ongoing supervision and evaluation of Allscripts officers and employees, AHS had and has the right and ability to promote, demote, transfer and/or terminate any Allscripts employee and/or increase or decrease the salary of the same, including those officers and employers who infringed and worked directly with Pegasus' Software and the infringing products. AHS even induced and facilitated former AIC personnel with intimate knowledge of Pegasus' Software to work with and/or for Allscripts on infringing Pegasus' Software.

64.    AHS, subsequent to the 2003 acquisition of AIC and throughout all relevant times, had, and continues to have, knowledge of and material participation in Allscripts' improper and unauthorized use of Pegasus' Software, whether in active concert or privity, or in participation with Allscripts by approving and authorizing the copying, manipulation or placing into and inclusion of the Software in certain Allscripts and AHS products and by providing Pegasus' Software and the requisite facilities and means to carry out the infringing conduct. Such knowledge, approval and authorization of AHS of the prospective, ongoing and future widespread sales and dissemination of the offending Allscripts and AHS products was obtained by, at minimum, internal

correspondence with Allscripts, including through routine and ordinary reports by interlocking officers and employees and through extraordinary supervision of the infringing conduct.

65.     Pegasus has inquired about the copying, use and/or placement of Pegasus' Barcode Xpress Software in or into Allscripts products.  Pegasus received limited responses from AIC, AHS and Allscripts, beyond an acknowledgement Barcode Xpress Software was indeed in the products of AHS and Allscripts.  Pegasus has implored AHS and Allscripts to cease and desist from continuing to violate Pegasus' rights and such wrongful conduct described and complained of herein and requested, but AHS and Allscripts have failed and refused to honor or abide by Pegasus' requests.

66.     Pegasus is informed and believes and based thereon alleges that AHS, through its direct ownership of Allscripts, received a financial benefit as a result of Allscripts' improper and unauthorized use of Pegasus' Software, wholly independent from the any other financial benefit AHS may have received from Allscripts.

67.     The result of the aforesaid conduct of AHS has been to deprive Pegasus of business and licensing of its Software, to deprive Pegasus of goodwill, and to injure Pegasus' relations with other potential licensors or authorized users of the Software, and to impose substantial expenses on Pegasus to counteract the aforesaid conduct.

68.     Pegasus is informed and believes and based thereon alleges that it has lost or will lose license revenue for its Software, and has sustained or will sustain damages as a result of AHS's aforesaid wrongful conduct and its infringement of Pegasus' Software.

69.     AHS was unjustly enriched by Allscripts' copying, use, distribution, reproduction and marketing of the Software and works derived therefrom.

70.    Allscripts used Pegasus' copyrighted Software, to the detriment of Pegasus, without an appropriate license agreement in place, and contrary to Pegasus' request to cease such activities, thereby gaining substantial income and revenues for Allscripts and AHS through the infringement of Pegasus' copyright.

71.    As a direct and proximate result of the acts of AHS alleged above, Pegasus has and will continue to suffer irreparable damages and has sustained lost revenues, profits and/or monies.

72.    Pegasus is further entitled to recover from AHS the damages it has sustained a as a result of AHS's wrongful acts as herein described and alleged. The amount of such damages cannot be determined at this time. Pegasus is further entitled to recover from AHS the gains, profits and advantages AHS has obtained as a result of its wrongful acts as herein above described and alleged, as well as any available statutory damages or attorneys' fees provided by the Copyright Act.  Pegasus at present is unable to ascertain the full extent of the gains, profits, and advantages AHS has obtained by reason of their aforesaid acts of copyright infringement.

WHEREFORE, Plaintiff, Pegasus, demands trial by jury of all issues so triable and judgment against Defendant Allscripts Healthcare Solutions, Inc., as follows:

a.    Defendant AHS be held to have infringed Pegasus' copyrights and Pegasus' Software;

b.    That judgment be entered for Pegasus and against AHS, for Pegasus' actual damages according to proof, and for any additional profits attributable to infringements of Pegasus' copyright, in accordance with proof;

c.      That judgment be entered for Pegasus and against AHS, for statutory damages based upon AHS's acts of infringement, as well as increased damages for knowing and willful infringement, as available pursuant to the Copyright Act. 17 U.S.C §101 et seq.;

d.      That AHS be required to account for all gains, profits and advantages derived from their acts of infringement or for their other violations of law;

e.      That all gains, profits and advantages derived by AHS from its acts of infringement be deemed to be in constructive trust for the benefit of Pegasus;

f.      That Pegasus have judgment against AHS for its costs and attorney's fees pursuant to 17 U.S.C. Section 505; and/or

g.      That the Court grant such other, further and different relief as the Court deems proper under the circumstances.

## COUNT IV

### VIOLATION OF FLORIDA TRADE SECRETS ACT
### AGAINST ALLSCRIPTS, LLC.

73.      Plaintiff Pegasus hereby re-alleges and incorporates by reference paragraphs 1 through 26 above as if set forth herein.  This count is for violation of the Florida Uniform Trade Secrets Act, Chapter 688, Florida Statutes, against Allscripts, LLC as described herein.

74.      Pegasus authored the Barcode Xpress Software, and the Software contains material wholly original and owned by Pegasus.  The Software is built upon a source code, the human-readable form of instructions/programming statements that were created or programmed by Pegasus to build the Software ("Source Code").

75.     The Source Code is a trade secret of Pegasus and Pegasus has maintained the confidentiality and secrecy of the Source Code through considerable expense and efforts.

76.     The Source Code derives independent actual and potential economic value from not being known, and not being readily ascertainable by proper means, to other persons and entities who can obtain economic value from its disclosure or use.

77.     Allscripts obtained Pegasus' Software from its parent and controlling company AHS, as more fully described in paragraphs 17 through 20,  Pegasus is informed and believes and based thereon alleges that while in possession of Pegasus' Software, Allscripts decompiled, accessed or obtained Pegasus' Source Code and copied and placed the Source Code and/or Software in products and services of Allscripts.

78.     To date, products and services of Allscripts containing Pegasus' Source Code have been provided, used, or accessed in conjunction with Allscripts' provision of scanning and barcoding products and services to its customers, including the Impact MD (also known as "Allscripts Document Imaging"), TouchChart and/or TouchWorks (also known as "Allscripts Enterprise EHR") products, yet without any proper reporting to Pegasus and/or payment to Pegasus of any fees.

79.     Allscripts is now in position to control and does in fact control Pegasus' Software and source code, as well as contracts, affiliations and relationships under which the misappropriation of same was accomplished and continue to be conducted and is in a position to stop continuing misappropriation and other wrongs and damages being committed against Pegasus and against whom any damages incurred by Pegasus and injunctive relief is warranted for such violation of the Florida Trade Secrets Act.

80.     As a result of Allscripts' prior and continuing misappropriation of Pegasus' trade secret Source Code, Pegasus has suffered damages for actual loss and Allscripts' unjust enrichment.

81.     The total loss to plaintiff cannot be accurately measured. However, unless Allscripts is enjoined from using Pegasus' trade secret Source Code and/or from disclosing the Source Code and associated information to others, Pegasus will suffer irreparable harm.

82.     For the harm and loss suffered by Pegasus, and for harm and loss that will continue, but for the intervention of this Court, Pegasus has no adequate remedy at law. If Allscripts is permitted to continue using Pegasus' trade secret Source Code, Allscripts will have profited by its own wrongs, and Pegasus' trade secret may be further disseminated by Allscripts, resulting in additional damages to Pegasus that are unpredictable and unending.

WHEREFORE, Plaintiff, Pegasus, demands against Defendant, Allscripts, LLC:

a.     that a temporary injunction be issued restraining Allscripts, LLC and any agents, contractors and customers of Allscripts, LLC, from directly or indirectly using for their own benefit the Source Code until Pegasus' right to a permanent injunction is determined;

b.     that a permanent injunction be ordered on final trial of this cause, enjoining Allscripts, LLC and any of Allscripts, LLC's agents, contractors and customers from directly or indirectly using the Source Code;

c.     that Pegasus be awarded judgment against Allscripts, LLC for all damages available to Pegasus including compensatory damages, lost profits, revenues, loss of

license fees, plus Pegasus' attorneys' fees and costs incurred pursuant to Chapter 688 of the Florida Statutes as well as costs of suit and prejudgment interest; and

     d.    trial by jury and any and all other relief at law or equity this Court deems appropriate.

**COUNT V**

**VIOLATION OF FLORIDA DECEPTIVE AND
UNFAIR TRADE PRACTICES ACT (FLA. STAT. Section 501.201 et seq.)
AGAINST ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.**

83.    Plaintiff Pegasus hereby re-alleges and incorporates by reference paragraphs 1 through 26 above as if set forth herein. This count is an action for violation of the Florida Deceptive and Unfair Trade Practices Act against AHS as described herein.

84.    At all relevant times, there was in effect the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, et seq. of the Florida Statutes.

85.    Section 501.204(1) provides, in pertinent part:

> Unfair methods of competition, unconscionable acts
> or practices and unfair deceptive acts or practices in
> the conduct of any trade or commerce are hereby
> declared unlawful

86.    AHS engaged in business practices as recited above and below in paragraphs 1 through 26, paragraphs 43 through 44 and paragraphs 62 through 67 which are unlawful, unfair and deceptive acts and practices in violation of Section 501.201 et seq.

87.    On information and belief AHS, subsequent to the 2003 acquisition of AIC, transferred, passed along and/or otherwise provided Pegasus' Software to Allscripts. AHS failed to notify Pegasus of the License transfer, if any occurred, failed to

28

report proper usage and took affirmative steps to misdirect and conceal actual usage of Pegasus' Software.

88.    Moreover, customers, clients, distributors and vendors of Defendants (including those within the State of Florida), have received and used products or services (and continue to receive and use products and services) with no knowledge that they are actually using or have possession of Pegasus' Software.

89.    Such business practices have caused Pegasus irreparable injury.  Unless enjoined by this Court, AHS will continue engaging in these acts and practices to Pegasus' immediate and irreparable detriment.

90.    Pegasus has been damaged as a proximate result of AHS's violation of the Florida Deceptive and Unfair Trade Practices Act, and Pegasus is entitled to an injunction against such continued deceptive and unfair trade practices pursuant to Fla. Stat. Section 501.211 (1).

**WHEREFORE,** Plaintiff, Pegasus, demands against Defendant, Allscripts Healthcare Solutions, Inc.:

a.    that a temporary injunction be issued restraining AHS and any agents, contractors and customers of AHS, from directly or indirectly using for its own benefit the Software and/or the Source Code until Pegasus' right to a permanent injunction is determined;

b.    that a permanent injunction be ordered on final trial of this cause, enjoining AHS and any of AHS's agents, contractors and customers from directly or indirectly using the Software and/or Source Code;

c.      that Pegasus be awarded judgment against AHS for all damages available to Pegasus including compensatory damages, lost profits, revenues, loss of license fees, plus Pegasus' attorneys fees and costs incurred pursuant to Fla. Stat. Section 501.2105 (1) as well as costs of suit and prejudgment interest; and

d.      trial by jury and any and all other relief at law or equity this Court deems appropriate.

**COUNT VI**

**REVERSE PASSING OFF**
**(Violation of 15 U.S.C. Section 1051 et seq., The Lanham Act)**
**AGAINST ALLSCRIPTS, LLC**

91.      Plaintiff Pegasus hereby re-alleges and incorporates by reference paragraphs 1 through 26 and paragraphs 31 through 33 above as if set forth herein.  This is a count for reverse passing off (also known as "reverse palming off") pursuant to the Lanham Act, 15 U.S.C. 1125(a) against Allscripts, LLC with regard to violations of the Lanham Act as described herein.

92.      Pegasus protects its trademarks under federal and state common law, and in addition, has filed for, obtained and maintained since October 17, 2006, registration of its trademarks "Pegasus" and "Pegasus and Design" with the United States Patent and Trademark Office.   Each of these trademarks has a date of first use in interstate commerce of September 30, 1991.  The registration numbers are 3155452 and 3155453. Copies of the foregoing trademark registrations filed with the United States Patent and Trademark Office are attached hereto as composite Exhibit "C".

93.      As further set forth herein, Pegasus authored the Barcode Xpress Software.  Since authoring and developing the Software, Pegasus has been and remains

the sole proprietor of all its rights, title and interest in and of all trademarks of the Software, and has required authorized licensees to provide proper designation and recognition of the origin, ownership and trademark of Pegasus and Barcode Xpress in and regarding the Software.

94.   As set forth in paragraphs 31 and 32 above, the License required that AIC include a statement substantially similar to the following within its products: "Product contains portions of imaging code owned and/or licensed by Pegasus Imaging Corporation, Tampa, FL  ALL RIGHTS RESERVED"

95.   Pegasus is informed and believes and based thereon alleges that Allscripts copied and placed Pegasus' Software in its (and AHS's) products and service applications and to this day Pegasus' Barcode Xpress Software is included as a wholly independent aspect or a part of such products or service applications, though Allscripts did so by merely repackaging Pegasus' Software without making and providing for the proper designation or recognition of Pegasus' marks or that the creator, developer and owner of the Software is Pegasus.

96.   Such a failure to so truthfully disclose and designate that the Software originated and is owned by Pegasus, by, among other things, omitting that Pegasus created and has ownership of a component of such products or applications and/or falsely representing the Software as a component of a system or application the parts of which were wholly created by Allscripts (or AHS), and/or omitting the proper and truthful trademark of Pegasus of the Software (Barcode Xpress) has and will cause consumer confusion.

97.     The products or service applications containing Pegasus' Software is believed to be deployed to numerous customers and all end users (including those which are within the state of Florida), with no knowledge that they are actually using Pegasus' Software.

98.     As a direct result of Allscripts' failure to recognize Pegasus' proper trademarks and origin of the Software, and/or otherwise falsely designating or omitting Plaintiff's trademarks and creation and ownership of the Software, Pegasus has and continues to suffer damages in the form of lost profits, revenues and incalculable injury to its trademarks through a likelihood of confusion.

99.     The total loss to Pegasus cannot be accurately measured at this time. However, unless Allscripts is enjoined from continuing the course of action described herein and further proceeding to falsely designating or failing to designate at all the origin of the Software (through misrepresentation or omission), Pegasus will continue to suffer irreparable harm.

100.     For the harm and loss suffered by Pegasus, and for harm and loss that will continue, but for the intervention of this Court, Pegasus has no adequate remedy at law. If Allscripts is permitted to continue using Pegasus' Software without proper designation of origin, Allscripts will realize additional profits by its own (and AIC's prior) wrongs, and Pegasus' will be further damaged.

**WHEREFORE,** Plaintiff, Pegasus, demands against Defendant, Allscripts, LLC:

a.     that a temporary injunction be issued restraining Allscripts and any agents, contractors and customers of Allscripts, from directly or indirectly using for their own benefit the Software until Pegasus' right to a permanent injunction is determined and that

a permanent injunction be ordered on final trial of this cause, enjoining Allscripts and any of Allscripts' agents, contractors and customers from directly or indirectly using the Software pursuant to 15 U.S. C. Section 1116 (a); and

      b.    that Pegasus be awarded judgment against Allscripts for all damages available to Pegasus including compensatory damages, lost profits, revenues, loss of license fees, punitive damages, prejudgment interest and Pegasus' attorneys' fees and costs incurred pursuant to 15 U.S. C. Section 1117 (a); and

      c.    trial by jury and any and all other relief at law or equity this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Pegasus, demands trial by jury of all rights so triable.

Dated this _8th_ day of September, 2008.

                      ALLEN DELL, P.A.

                      s/ David D. Ferrentino
                      David D. Ferrentino, Esq. (Trial Counsel)
                      Florida Bar No.: 908754
                      dferrentino@allendell.com
                      Richard A. Harrison
                      Florida Bar No.: 602493
                      rharrison@allendell.com
                      Patrick A. Traber
                      Florida Bar No.: 0015802
                      ptraber@allendell.com
                      ALLEN DELL, P.A.
                      202 South Rome Avenue, Suite 100
                      Tampa, Florida 33606
                      Telephone: (813) 223-5351
                      Facsimile: (813) 229-6682
                      Attorneys for Plaintiff