UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PEGASUS IMAGING CORPORATION,**

    **Plaintiff,**

v.                                        Case No.: 8:08-CV-1770-T-30EAJ

**ALLSCRIPTS HEALTHCARE
SOLUTIONS, INC., et al.,**

    **Defendants.**
_____/

### ORDER

Before the court are Plaintiff's **Motion to Determine the Sufficiency of the Objections and Compel Answers to Request for Admissions** (Dkt. 34) and Defendants' **Memorandum in Opposition** (Dkt. 37).

Plaintiff is a manufacturer and distributor of computer software (Dkt. 1 at 2). Defendant Allscripts Healthcare Solutions, Inc. ("AHS") provides healthcare-related software applications to physicians (Id.). Defendant Allscripts, LLC ("Allscripts") provides computer hardware and software, as well as related maintenance and support services, to physicians (Id.).

Plaintiff alleges that in 2002 it licensed the use of its "Barcode Xpress" software ("the Software") to Advanced Imaging Concepts, Inc. ("AIC") (Id. at 8). AHS acquired AIC in 2003 (Id. at 3; Dkt. 13 Ex. C at 2) and Plaintiff concedes that AHS succeeded to any rights AIC had to use the Software (Dkt. 1 at 18). Nonetheless, Plaintiff asserts that AHC, without permission from Plaintiff, transferred the Software to Allscripts (Id. at 9). Plaintiff insists that Allscripts, without a license to do so, subsequently incorporated the Software into Allscripts' own software products which it then sold and distributed (Id.). Plaintiff's complaint includes claims against AHS for breach

of license agreement; vicarious and contributory copyright infringement; and violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. Plaintiff further asserts claims against Allscripts for copyright infringement; violation of Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001 et seq.; and violation of the Lanham Act, 15 U.S.C. § 1051 et seq.

On or around January 21, 2009, Plaintiff served Defendants with separate but "substantively identical" Requests for Admissions, each consisting of 128 unique Requests (Dkt. 34 at 2; Dkt. 34 Ex. A). Defendants jointly responded, objecting to 110 of the Requests as "vague, ambiguous, and confusing" and denying 11 others.[1] Defendants' objections generally focus on Plaintiff's use of the word "copies" throughout its Requests. Defendants submit that the word "copy" is "susceptible of materially different meanings depending on how it is defined and the legal context in which it is used" (Dkt. 37 at 7).

Although the word "copy" may indeed be susceptible to varying definitions, there is nothing vague, ambiguous or confusing in asking Defendants, e.g., whether they possess "copies" of Plaintiff's software.[2] Nonetheless, Defendants represent that on or before April 10, 2009 they will supplement their responses "using the statutory definition of 'copies' set forth in 17 U.S.C. § 101" (Id. at 9). Without expressing an opinion as to the suitability of relying on this definition without agreement from Plaintiff, the court finds it appropriate to allow the parties an opportunity to resolve

---

[1] A copy of Defendants' responses is attached to Plaintiff's motion, however, this copy omits part or all of Requests 31-37 (Dkt. 34 Ex. A). Therefore, the court is unable to verify Defendants' responses to those Requests.

[2] For instance, Request No. 17 states "Please admit that Allscripts maintains possession of more than 100 copies of Barcode Xpress" (Dkt. 34 Ex. A at 5). Defendants objected that "the phrases 'maintains possession of,' and 'copies,' in relation to the subject matter, are vague, ambiguous, and confusing rendering this Request incapable of being admitted or denied" (Id.).

this dispute among themselves. The parties are reminded of their duty, before filing a motion, to "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." Local Rule 3.01(g), M.D. Fla.[3]

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Plaintiff's Motion to Determine the Sufficiency of the Objections and Compel Answers to Request for Admissions (Dkt. 34) is **DENIED WITHOUT PREJUDICE**; and

(2) On or before April 10, 2009, Defendants shall supplement their responses to Plaintiff's Requests for Admissions.

**DONE** and **ORDERED** in Tampa, Florida on this 8th day of April, 2009.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

---

[3] Defendants contend that Plaintiff should be prevented from serving any additional requests for admission using any alternative definition of "copy" or "copies" because Plaintiff refused to confer before filing its motion. By contrast, Plaintiff certifies its compliance with Local Rule 3.01(g) and attaches a March 4, 2009 letter Plaintiff's counsel sent to Defendants' counsel complaining about the quality of Defendants' responses (Dkt. 34 Ex. B). On March 6, 2009, rather than proposing to supplement its responses, Defendants' counsel reaffirmed that the Requests were "vague and ambiguous" and suggested that Plaintiff should rewrite them (Id.) Although the parties could have further conferred between March 6, 2009 and March 19, 2009, when Plaintiff filed its motion to compel, sanctions for non-compliance with Local Rule 3.01(g) are not warranted at this time.