UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| PEGASUS IMAGING CORPORATION, a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.  8:2008-cv-01770-JSM-EAJ |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., a Delaware corporation, and ALLSCRIPTS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER, DEFENSES AND COUNTERCLAIMS**

Defendants Allscripts-Misys Healthcare Solutions, Inc. f/k/a Allscripts Healthcare

Solutions, Inc. ("Allscripts-Misys") and Allscripts, LLC, ("Allscripts, LLC")(collectively

"Defendants") respond as follows to the Complaint in the above-styled action:

**JURISDICTION, PARTIES AND VENUE**

1.      Defendants admit the allegations contained in paragraph 1 of the

Complaint.

2.      Defendants deny the allegations contained in paragraph 2 of the

Complaint.

3.      Defendants admit, upon information and belief, that Plaintiff is a

corporation that does business in Florida that purports to develop and sell barcoding

subroutines.  Defendants deny that Plaintiff's barcoding subroutines improve or enhance

software solutions in which they are included.  Defendants currently lack sufficient

knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint.

4.    Defendants admit the allegations contained in paragraph 4 of the Complaint, except that Allscripts Healthcare Solutions, Inc. is now known as Allscripts-Misys Healthcare Solutions, Inc., and the public financial statements of Allscripts Healthcare Solutions, Inc. include components in addition to the financial information of Allscripts, LLC.

5.    Defendants admit the allegations contained in paragraph 5 of the Complaint, except that Allscripts Healthcare Solutions, Inc. is now known as Allscripts-Misys Healthcare Solutions, Inc.

6.    Defendants admit the allegations contained in paragraph 6 of the Complaint, except to the extent it is intended to allege an exhaustive set of reasons why the AIC transaction occurred, which, to that extent, the allegations in paragraph 6 are denied.  Defendants specifically deny that Allscripts-Misys acquired AIC for any reason related to barcoding solutions.

7.    Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.    Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.    Defendants admit that the allegations in the Complaint are as stated in paragraph 9 thereof, but deny that those allegations are meritorious and deny that they have engaged in any wrongful conduct.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.

## BACKGROUND AND FACTS
## SUPPORTING REQUESTED RELIEF

16.     Defendants admit, upon information and belief, that Plaintiff is a corporation that does business in Florida that purports to develop and sell computer barcoding subroutines, and that Plaintiff has offered for sale a product known as "Smartscan Xpress Barcode" that consists of certain computer source code and that purports to be able to recognize and interpret barcodes. Defendants deny that Plaintiff's barcoding subroutines function correctly, and deny that Plaintiff's "Smartscan Xpress Barcode" subroutine is wholly original. Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17.    Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.    Defendants deny the allegations contained in paragraph 18 of the Complaint.  Defendants aver that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products.

19.    Defendants admit that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.  Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20.    Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.    Defendants admit that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.  Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22.    Defendants admit that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.  Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.  Defendants specifically deny

4

that there has been any infringement of Plaintiff's rights in the Smartscan Xpress Barcode subroutine, and deny that Defendants have in any way acknowledged or admitted any infringement.

23.    Defendants admit that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.  Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.    Defendants admit that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.  Defendants deny all remaining allegations contained in paragraph 24 of the Complaint.

25.    Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.    Defendants admit the allegations contained in paragraph 26 of the Complaint but deny that the activities described therein are or are intended to be in any way confusing to any person or entity.

**COUNT I**

**BREACH OF LICENSE AGREEMENT**
**AGAINST ALLSCRIPTS HEALTHCARE SOLUTIONS, INC**.

27.    Defendant reaffirms and incorporates by reference its answers to paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28.    Defendants admit the allegations contained in paragraph 28 of the Complaint.

29.    Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and aver that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint, and aver that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint, and aver that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint, and aver that that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products.  Defendants further aver that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or

constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count I of the Complaint.

**COUNT II**

**COPYRIGHT INFRINGEMENT**
**(Violation of 17 U.S.C. Section 101 et seq., The Federal Copyrights Act)**
**AGAINST ALLSCRIPTS, LLC**

36.     Defendant reaffirms and incorporates by reference its answers to paragraphs 1 through 35 of the Complaint as if set forth fully herein.

37.     Defendants admit the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny that the Smartscan Xpress Barcode subroutine is wholly original to Plaintiff.  Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.  Defendants aver that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products. Defendants further aver that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint, and specifically deny that there has been any infringement of Plaintiff's rights.  Defendants aver that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products.  Defendants further aver that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

8

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants admit that Pegasus has asserted claims against them based on allegations that they are using allegedly copyrighted software, but deny the remaining allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint. Defendants aver that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products. Defendants further aver that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.

50.     Defendants currently lack sufficient information to form a belief as what Plaintiff believes, and deny all remaining allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count II of the Complaint.

## COUNT III

### COPYRIGHT INFRINGEMENT
### (Violation of 17 U.S.C. Section 101 et seq., The Federal Copyright Act)
### AGAINST ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.
### (VICARIOUS AND CONTRIBUTORY INFRINGEMENT

55.     Defendant reaffirms and incorporates by reference its answers to paragraphs 1 through 54 of the Complaint as if set forth fully herein.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants admit that Plaintiff has asserted claims against them alleging that they are using allegedly copyrightable software of Plaintiff.  Defendants deny all remaining allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count III of the Complaint.

## COUNT IV

### VIOLATION OF FLORIDA TRADE SECRETS ACT
### AGAINST ALLSCRIPTS, LLC

73.     Defendant reaffirms and incorporates by reference its answers to paragraphs 1 through 72 of the Complaint as if set forth fully herein.

74.     Defendants deny that the Smartscan Xpress Barcode subroutine is wholly original to Pegasus. Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75.     Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76.     Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Defendants admit that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products. Defendants further admit that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use. Defendants currently lack sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count IV of the Complaint.

## COUNT V

### VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. Section 501.201 et seq.) AGAINST ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.

83.     Defendant reaffirms and incorporates by reference its answers to paragraphs 1 through 82 of the Complaint as if set forth fully herein.

84.     Defendants admit the allegations contained in paragraph 84 of the Complaint.

85.     Defendants admit the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count V of the Complaint.

## COUNT VI

### REVERSE PASSING OFF
### (Violation of 15 U.S.C. Section 1051 et seq., The Lanham Act)
### AGAINST ALLSCRIPTS, LLC

91.     Defendant reaffirms and incorporates by reference its answers to paragraphs 1 through 90 of the Complaint as if set forth fully herein.

92.     Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Defendants currently lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.     Defendants admit that Pegasus, through communications and actions subsequent to April 11, 2002, licensed AIC and Defendants to make broad use of the Smartscan Xpress Barcode subroutine in development of their software products, including products distributed to end users by Allscripts LLC.  Defendants further admit that AIC and Allscripts, LLC have made certain limited use of the Smartscan Xpress Barcode subroutine, that Plaintiff has at all relevant times had actual or constructive knowledge of such use, and that Plaintiff by its statements and conduct has licensed and consented to such use.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.     Defendants deny the allegations contained in paragraph 100 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count VI of the Complaint.

Defendants deny any and all allegations contained in the Complaint not otherwise expressly responded to hereinabove.

Defendants assert the following as additional defenses:

## FIRST DEFENSE

Plaintiff has had actual or constructive knowledge of the actions of AIC and Defendants of which Plaintiff now complains since at least January 2003, by its statements and conduct has licensed and consented to such actions, and, despite many opportunities to do so, did not allege that such use was wrongful until approximately June of 2008.  Plaintiff's failure to assert its alleged rights during that time has substantially prejudiced Defendants due to, *inter alia*, spoliation of evidence.  Accordingly, some or all of Plaintiff's claims and the relief Plaintiff seeks are barred by laches, waiver, and estoppel.

## SECOND DEFENSE

Plaintiff has had actual or constructive knowledge of the actions of AIC and Defendants of which Plaintiff now complains since at least January 2003, by its statements and conduct has licensed and consented to such actions, and, despite many opportunities to do so, did not allege that such use was wrongful until approximately June of 2008.  Accordingly, some or all of Plaintiff's claims and the relief Plaintiff seeks are barred by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's trade secrets claim (Count IV), and its Florida Deceptive and Unfair Trade Practices Act claim (Count V), are preempted in whole or in part by the federal Copyright Act, 17 U.S.C. § 301.

**FOURTH DEFENSE**

Plaintiff, by its statements and conduct, has licensed and consented to the allegedly wrongful actions of which Plaintiff now complains and alleges constitute copyright infringement. Accordingly, Plaintiff's copyright infringement claims (Count II and III) are barred by express and/or implied license.

**FIFTH DEFENSE**

Upon information and belief, any creative expression contained in the allegedly copyrightable work at issue in the Complaint was not the result of creative authorshiop by Plaintiff. Plaintiff's alleged copyright is therefore invalid.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of copyright misuse, in that, upon information and belief, Plaintiff has sought to copyright and license to others for profit materials that are unoriginal and uncopyrightable, consisting largely of elements that are in the public domain, and is attempting to use alleged copyright rights to restrict the proper use of such public domain materials.

**SEVENTH DEFENSE**

Plaintiff's alleged copyrighted work consists of unprotectable ideas, of the expression of ideas in mechanical, automatic, or non-creative ways, and/or of elements that, as a practical matter, are indispensable or standard in the treatment of the subject matter of the work. Accordingly, Plaintiff's copyright infringement claims are barred pursuant to 17 U.S.C. § 102(b) and the doctrines of merger and scenes-a-faire.

**EIGHTH DEFENSE**

Defendant's limited use of Plaintiff's allegedly copyrightable work was minimal, involved alleged works of Plaintiff that are minimally creative or non-creative, and has had and would have no impact on the market for Plaintiff's works. Accordingly, Plaintiff's copyright infringement claims should be dismissed pursuant to the fair use doctrine.

**NINTH DEFENSE**

Plaintiff's claims fail because of Plaintiff's failure to take reasonable steps to mitigate its alleged damages.

**TENTH DEFENSE**

Any damages awarded to Plaintiff should be offset by the damages sustained by Defendants as a result of Plaintiff's wrongful conduct.

**ELEVENTH DEFENSE**

Defendants' investigation into Plaintiff's claims is ongoing, and discovery has only recently commenced. Defendants therefore reserve the right to amend or add to their defenses after a reasonable opportunity for appropriate discovery.

**TWELFTH DEFENSE AND COUNTERCLAIMS**

As a Twelfth Defense, Defendants/Counterclaim-Plaintiffs Allscripts-Misys Healthcare Solutions, Inc. and Allscripts, LLC ("Defendants") respectfully submit the following Counterclaims against Plaintiff/Counterclaim-Defendant Pegasus Imaging Corporation ("Plaintiff"):

1.      The jurisdictional averments regarding the parties set forth above in Defendants' Answer are incorporated by reference as if fully set forth herein.

2.     This Court has subject matter jurisdiction over Defendants' Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 2201.

3.     Defendants' Counterclaims arise from Plaintiff's failure to disclose material defects in its Smartscan Xpress Barcode computer subroutine ("the Barcoding Subroutine"), breach of warranties regarding the merchantability and fitness for use of the Barcoding Subroutine, and the invalidity of Plaintiff's alleged copyright in the Barcoding Subroutine.

Facts Common to Defendants' Counterclaims

4.     Defendants, through their predecessor-in-interest Advanced Imaging Concepts ("AIC"), obtained the Barcoding Subroutine from Plaintiff in 2002 with Plaintiff's consent and assistance.  The circumstances under which AIC obtained the Barcoding Subroutine, as well as Plaintiff's statements and conduct beginning in or about April of 2002 and continuing for several years afterwards, gave rise to a license to AIC and Defendants to use the Barcoding Subroutine in connection with the development and distribution of their software products.

5.     Upon information and belief, the Barcoding Subroutine does not contain any creative expression authored by Plaintiff.  The Barcoding Subroutine largely contains material that is indispensable or standard in the treatment of the subject matter contained therein.  To the extent the Barcoding Subroutine contains any minimally creative expression, Pegasus is not the author of such expression.

6.     As Plaintiff has at all relevant times known, AIC and Defendant Allscripts, LLC obtained the Barcoding Subroutine from Plaintiff with Plaintiff's permission and attempted to use it in connection with certain software applications.  After

several such attempts, AIC and Allscripts eventually found it impossible to make the Barcoding Subroutine a reliable part of any of their applications. This was due, in part, to numerous material defects that existed in the Barcoding Subroutine that made it highly unreliable and unstable under ordinary conditions of use.

7.    The Barcoding Subroutine, at the time Plaintiff provided it to AIC and during the time period that Plaintiff licensed it to AIC and Defendants, contained numerous material defects that rendered it unsuitable for ordinary use. These defects were known to Plaintiff, but not to Defendants.

8.    For example, the Barcoding Subroutine contains programming defects that cause it not to function properly in recognizing and interpreting barcodes printed by certain standard printers commonly used in business settings. This defect renders the Barcoding Subroutine unsuitable for ordinary use. Upon information and belief, Plaintiff knew of this material defect at the time Plaintiff licensed the Barcoding Subroutine to AIC and Defendants, yet failed to disclose it to AIC or Defendants. In the alternative, if Plaintiff did not know of this material defect, Plaintiff, in the exercise of reasonable care, should have known of it and should have advised Defendants of it.

9.    The Barcoding Subroutine contains numerous other material defects of which Plaintiff knew or reasonably should have known, which render it unfit for ordinary use or for the uses contemplated by Defendants and known to Plaintiff. Plaintiff failed to disclose any such material defects to Defendants.

10.    Defendants would not have obtained the Barcoding Subroutine from Plaintiff, and AIC and Allscripts would not have continued to use it or license it from Plaintiff, had Plaintiff disclosed these defects to Defendants.

11.    Defendants have sustained damages as a direct and proximate result of Plaintiff's breach of warranty and failure to disclose material defects.

12.    Defendants are entitled to an award of damages from Plaintiff in an amount to be proven at trial.

## FIRST COUNTERCLAIM:  BREACH OF IMPLIED WARRANTY

13.    Defendants incorporate the preceding paragraphs of the Counterclaims as if fully set forth herein.

14.    Plaintiff's acts of offering and selling the Barcoding Subroutine give rise to an implied warranty that it is fit for the ordinary purposes for which it may be used, as well as for the particular uses that AIC and Defendants contemplated making of it, which were known, or reasonably should have been known, to Plaintiff.

15.    As the alleged creator and seller of the Barcoding Subroutine, Plaintiff has a superior opportunity to obtain knowledge of the product and to form a judgment as to its fitness.

16.    The Barcoding Subroutine contains numerous material defects that make it unfit for the ordinary purposes for which it may be used, and for the particular uses that AIC and Defendants contemplated making of it and attempted to make of it.

17.    Defendants have sustained damages, including damage to Allscripts' own proprietary software applications, as a direct and proximate result of Plaintiff's breach of warranty.

18.    Defendants are entitled to an award of damages from Plaintiff in an amount to be proven at trial.

## SECOND COUNTERCLAIM:
## FAILURE TO DISCLOSE MATERIAL DEFECTS

19.    Defendants incorporate the preceding paragraphs of the Counterclaims as if fully set forth herein.

20.    Plaintiff knew or, in the exercise of reasonable care, should have known of the material defects in the Barcoding Subroutine, as well as the particular uses that AIC and Defendants contemplated making of it.  Under the circumstances, Plaintiff had a duty to disclose such defects to AIC prior to providing the work to AIC, as well as a duty to disclose such defects to Defendants as Plaintiff continued to license the work to Defendants.

21.    Defendants have sustained damages, including damage to Allscripts' own proprietary software applications, as a direct and proximate result of Plaintiff's breach of its duty to disclose such material defects to Defendants.

22.    Defendants are entitled to an award of damages from Plaintiff in an amount to be proven at trial.

## THIRD COUNTERCLAIM:  INVALIDITY OF COPYRIGHT

23.    Defendants incorporate the preceding paragraphs of the Counterclaims as if fully set forth herein.

24.    Upon information and belief, the Barcoding Subroutine does not contain any creative expression authored by Plaintiff.  Instead, the Barcoding Subroutine largely consists of material that is indispensable or standard in the treatment of subject matter contained therein.

25.    To the extent the Barcoding Subroutine contains any minimally creative expression, Pegasus is not the author of such expression.

26.    Because Plaintiff is not the author of any creative expression contained in the Barcoding Subroutine, Pegasus has no valid copyright interest in that work.

27.    Plaintiff's alleged copyright in the Barcoding Subroutine is invalid.

28.    There exists a genuine dispute between the parties regarding the validity of the copyright in the Barcoding Subroutine.

29.    Defendants are entitled to a declaration, pursuant to 28 U.S.C. § 2201 *et seq.*, that Plaintiff's alleged copyright in the Barcoding Subroutine is invalid.

## DEMAND FOR JURY TRIAL

Defendants  hereby demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray that this Court:

1.  Dismiss each of Plaintiff's claims for relief with prejudice;

2.  Enter judgment in Defendants' favor and against Plaintiff on each of Plaintiff's claims for relief;

3.  Enter judgment in Defendants' favor and against Plaintiff on Defendants' Counterclaims;

4.  Award Defendants' damages on their First and Second Counterclaims in an amount to be proven at trial;

5.  Declare Plaintiff's alleged copyright in the Barcoding Subroutine invalid pursuant to Defendants' Third Counterclaim;

6.  Tax all costs of this action, including Defendant's reasonable and necessary attorneys' fees, against Plaintiff; and

7.  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 13th day of April, 2009.

By:    *s/ W. Swain Wood*
W. Swain Wood (NC State Bar No. 32037)
WOOD JACKSON PLLC
301 Glenwood Avenue, Suite 280
Raleigh, NC  27603
Telephone:  (919) 829-7394
Facsimile:  (919) 829-7396
*Email:  swain@woodcolaw.com*

Michael S. Hooker
(FL State Bar No. 330655)
Guy P. McConnell
(FL State Bar No. 472697)
GLENN RASMUSSEN FOGARTY
 & HOOKER
100 South Ashley Drive, Suite 1300
Tampa, FL  33602
Telephone:  (813) 229-3333
Facsimile:  (813) 229-5946
*mhooker@glennrasmussen.com*
*gmcconnell@glennrasmussen.com*

COUNSEL FOR ALLSCRIPTSMISYS
HEALTHCARE SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this date the foregoing **ANSWER, DEFENSES AND COUNTERCLAIMS** was filed with the Court's electronic case filing system, causing it to be served upon the following counsel of record:

> David D. Ferrentino
> Allen Dell, P.A.
> 202 South Rome Avenue, Suite 100
> Tampa, FL  33606
> (813) 223-5351
> Facsimile:  (813) 229-6682
> *dferrentino@allendell.com*

This the 13th day of April, 2009.

*s/ W. Swain Wood*

WOOD JACKSON PLLC
301 Glenwood Avenue, Suite 280
Raleigh, NC  27603
Telephone:  (919) 829-7394
Facsimile:  (919) 829-7396