**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PEGASUS IMAGING CORPORATION,**
a Florida Corporation,

**Plaintiff,**

v.

Case No.  8:08-cv-1770-T-30 EAJ

**ALLSCRIPTS HEALTHCARE
SOLUTIONS, INC.,**[1]
a Delaware Corporation, and
**ALLSCRIPTS, LLC,** a Delaware
Limited Liability Company**,**

**JURY TRIAL DEMANDED
INJUNCTIVE RELIEF
REQUESTED**

**Defendants.**
_____/

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND MEMORANDUM OF LAW

Plaintiff, Pegasus Imaging Corporation ("Plaintiff" or "Pegasus"), hereby moves the Court, pursuant to Fed. R. Civ. P. 12(f) and Local Rules for the Middle District of Florida, for entry of an Order striking Defendants Allscripts-Misys Healthcare Solutions, Inc. f/k/a Allscripts Healthcare Solutions, Inc. ("Allscripts-Misys") and Allscripts, LLC ("Allscripts, LLC") (collectively "Defendants") Affirmative Defenses 1, 2, 3, 4, 6, 11, 12, 14, 17, 18, and 19, and states as follows:

---

[1] Defendant, Allscripts Healthcare Solutions, Inc. continues in existence but due to a post-filing merger is now known as Allscripts-Misys Healthcare Solutions, Inc., and the Parties have jointly requested that the caption of this case be amended to reflect that name change.  Defendant Allscripts Healthcare Solutions, Inc. has represented that despite the post-filing merger, there are no material changes to its existence that would warrant substitution or addition of Parties.

1.      Pegasus filed its Complaint on September 8, 2008 alleging three counts against AHS, including one count for breach of the License (Count I), one count for copyright infringement (vicarious and contributory) (Count III), and one count for violation of the Florida Deceptive and Unfair Trade Practices Act (Count V); and three counts against Allscripts LLC, including one count for copyright infringement (Count II), one count for violation of the Florida Trade Secrets Act (Count IV), and one count for reverse passing off (Count VI) (Dkt. 1, the "Complaint").

2.      Defendants served and filed their Amended Answer, Affirmative Defenses and Counterclaims to the Complaint on April 27, 2009 (Dkt. 51).  Therein, Defendants alleged 19 separate affirmative defenses.  Pursuant to Fed. R. Civ. P. 12(f), Pegasus moves to strike certain affirmative defenses alleged by Defendants.

3.      Defendants' affirmative defenses 1, 2, 3, 4, 6, 11, 12, 14, 17, 18, and 19 are insufficient as a matter of law and this Court should strike each.  The affirmative defenses suffer a variety of defects and the grounds and authority for this Motion are set forth in the corresponding Memorandum of Law.  Notably, nearly every affirmative defense fails to meet the simple pleading standard of Fed. R. Civ. P. 8(a).

4.      In addition, certain of these affirmative defenses are redundant and serve only to confuse and clutter this matter and striking these affirmative defenses will avoid the unnecessary expenditure of time and money in litigating spurious issues.

5.      Pursuant to Local Rule 3.01(g), counsel for Plaintiff, Pegasus Imaging Corporation, hereby certifies that they have conferred with opposing counsel and counsel for Defendants objects to the relief requested.

WHEREFORE, Plaintiff, Pegasus Imaging Corporation, requests the entry of an Order striking Defendants Affirmative Defenses 1, 2, 3, 4, 6, 11, 12, 14, 17, 18, and 19 and for any other such relief as the Court deems appropriate under the circumstances.

**MEMORANDUM OF LAW
IN SUPORT OF PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." 'A court may strike an affirmative defense if the defense is "insufficient as a matter of law."' *Wlodynski v. Ryland Homes of Florida Realty Corp.*, Case No. 8:08-CV-00361-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008)(citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002). An affirmative defense is insufficient as a matter of law if it is: (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law. *Microsoft Corp.,* 211 F.R.D. at 683.

Affirmative defenses are pleadings and therefore are subject to the general pleading requirements of Fed. R. Civ. P. 8(a). *Centex Homes v. Mr. Stucco, Inc.*, Case No. 8:07-CV-365-T-27MSS, 2008 WL 793587, at *1 (M.D. Fla. March 25, 2008). "Affirmative defenses may also be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed. R. Civ. P. 8, which requires a short and plain statement of the defense asserted." *Wlodynski*, 2008 WL 2783148 at *2. By definition, an affirmative defense can only be established when the defendant admits the essential facts of the complaint and pleads new <u>facts</u> in justification or avoidance of the action. *Id*.

3

Thus, an affirmative defense is insufficient as a matter of law and must be stricken if it fails to recite more than bare-bones, conclusory allegations. *Id*. (citing *Microsoft Corp.,* 211 F.R.D. at 683); *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265 (M.D. Fla. August 21, 2008).

Additionally, an affirmative defense is insufficient if it is not recognized as a defense to the cause of action. *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. Supp. 200, 217 (D. N.J. 1993). Consequently, what constitutes an insufficient affirmative defense depends, in part, upon the nature of the claim for relief and the defense in question. *Equal Employment Opportunity Commission v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980), *cert. denied,* 450 U.S. 917 (1981) (citing Federal Practice and Procedure, Wright and Miller, Vol. 5, Section 1381, p. 791).

The Court enjoys broad discretion in determining whether to grant or deny a motion to strike. *Centex Homes v. Mr. Stucco, Inc.*, Case No. 8:07-CV-365-T-27MSS, 2008 WL 793587, at *1 (M.D. Fla. March 25, 2008). Importantly, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) (citing *Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir. 2001); *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. Coll.,* 77 F.3d 364, 367 (11th Cir. 1996). In particular when such practice (the shotgun pleading of affirmative defenses) simply confuses and clutters complex litigation, a motion to strike the offending defenses removes unnecessary distraction, serving to expedite, not delay, the

proceedings. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F. 2d 1286, 1294 (7th Cir. 1989). Striking Defendants' insufficient affirmative defenses will save time and expense by making it unnecessary to litigate claims which will not affect the outcome of the case. *Tonka Corp.*, 836 F. Supp. at 218.

## ARGUMENT

Defendants' affirmative defenses (enumerated below) are insufficient as a matter of law and, thus, should be stricken. The affirmative defenses suffer a variety of defects. Notably, nearly every affirmative defense fails to meet the simple standard of Fed. R. Civ. P. 8(a). Moreover, certain of the affirmative defenses are redundant and serve only to confuse and clutter this matter and striking these affirmative defenses will avoid the "unnecessary expenditure of time and money in litigating spurious issues." *Royal Ins. Co. of America v. M/Y ANASTASIA*, No. 95CV60498/RV, 1997 WL 608722, at *3 (N.D. Fla. January 30, 1997).

**Defendants' First Affirmative Defense**

Defendants' First Affirmative Defense states as follows: "Plaintiff has had actual or constructive knowledge of the actions of AIC and defendants of which Plaintiff now complains since at least January 2003, by its statements and conduct has licensed and consented to such actions, and, despite many opportunities to do so, did not allege that such use was wrongful until approximately June of 2008. Plaintiff's failure to assert its alleged rights during that time has substantially prejudiced Defendants due to, *inter alia*, spoliation of evidence and defendants' reasonable reliance on Plaintiff's apparent

5

consent. Accordingly, some or all of Plaintiff's claims and the relief Plaintiff seeks are barred by laches."

Defendants First Affirmative Defense wrongfully attempts to combine two defenses. On the one hand, Defendants conclusorily allege the defense of license with an allegation that Plaintiff "by its statements and conduct has licensed and consented to such actions,"[2] a defense that is inconsistently alleged with the defense that Plaintiff's claims are barred by laches. Not only is the single short phrase regarding "statements" and "conduct" an insufficient pleading of facts to establish the existence of a license (*see Sprint Communications Co., L.P. v. Big River Telephone Company, LLC,* 2008 WL 4171595 (D. Kansas Sept. 8, 2008)), Defendants attempt to plead two defenses inconsistently. By definition, an affirmative defense can only be established when the defendant admits the essential facts of the complaint and pleads new <u>facts</u> in justification or avoidance of the action. *Id.*

Moreover, this defense does not allege facts to satisfy the requisite elements of laches. In order to prevail on this defense, Defendants would need to allege and must demonstrate that: (1) Plaintiff delayed in asserting his rights; (2) the delay was not excusable; and (3) there was undue prejudice to Defendants. *Thornton v. J Jargon Co.*, 580 F.Supp.2d 1261, 1286 (M.D. Fla. 2008). An affirmative defense is insufficient as a matter of law and must be stricken if it fails to recite more than bare-bones, conclusory allegations. *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265 (M.D. Fla. August 21, 2008).

---

[2] Defendants have repeated this conclusory allegation in its Second, Third, Fourth and Sixth Affirmative Defenses.

**Defendants' Second Affirmative Defense**

Defendants' Second Affirmative Defense states as follows:  "Plaintiff has had actual or constructive knowledge of the actions of AIC and defendants of which Plaintiff now complains since at least January 2003, by its statements and conduct has licensed and consented to such actions, and, despite many opportunities to do so, did not allege that such use was wrongful until approximately June of 2008.  Plaintiff's failure to assert its alleged rights during that time has substantially prejudiced Defendants due to, *inter alia*, spoliation of evidence and defendants' reasonable reliance on Plaintiff's apparent consent.  Accordingly, some or all of Plaintiff's claims and the relief Plaintiff seeks are barred by waiver."

In copyright, waiver or abandonment of copyright occurs only if there is intent by the copyright proprietor to surrender rights in his work.  *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F.Supp.2d 1148, 1177 (S.D. Fla. 2006) (internal citations and quotations omitted).  Such intent must be manifested by some overt act.  *Id.*  Defendants do not plead the specific elements of waiver, including intent, or provide any factual support to give Plaintiff fair notice of its defense.  Defendants' affirmative defense of waiver is insufficient as a matter of law because it constitutes nothing more than mere bare-bones, conclusory allegations and, therefore, must be struck.

**Defendants' Third Affirmative Defense**

Defendants' Third Affirmative Defense states:  "Plaintiff has had actual or constructive knowledge of the actions of AIC and defendants of which Plaintiff now complains since at least January 2003, by its statements and conduct has licensed and

7

consented to such actions, and despite many opportunities to do so, did not allege that such use was wrongful until approximately June of 2008. Plaintiff's failure to assert its alleged rights during that time has substantially prejudiced Defendants due to, *inter alia*, spoliation of evidence and defendants' reasonable reliance on Plaintiff's apparent consent. Accordingly, some or all of plaintiff's claims and the relief Plaintiff seeks are barred by estoppel."

In a copyright infringement action estoppel applies when the alleged infringer can show that (1) the copyright owner knew the facts of the infringement, (2) the copyright owner intended its conduct to be acted upon or the copyright owner acted such that the alleged infringer has a right to believe it was so intended, (3) the alleged infringer is ignorant of the true facts, and (4) the alleged infringer relies on the copyright owner's conduct to his detriment. *HGI Associates, Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 875 (11th Cir. 2005). Defendants have failed to properly plead the elements of estoppel and any factual support of the same. Accordingly, the defense must be struck. *Wlodynski*, 2008 WL 2783148 at *2; *Premium Leisure, LLC*, 2008 WL 3927265 at *4 (M.D. Fla. August 21, 2008).

**Defendants' Sixth Affirmative Defense**

Defendants' Sixth Affirmative Defense states: "Plaintiff, by its statements and conduct, has licensed and consented to the allegedly wrongful actions of which Plaintiff now complains and alleges constitute copyright infringement. Accordingly, Plaintiff's copyright infringement claims (Counts II and III) are barred by express and/or implied license." Defendants' Sixth Affirmative Defense amounts to nothing more than another

conclusory statement that Plaintiff licensed its conduct either expressly or impliedly without any supporting facts and should be stricken. *Sprint Communications Co., L.P. v. Big River Telephone Company, LLC,* 2008 WL 4171595 (D. Kansas Sept. 8, 2008) (striking an affirmative defense that alleged only that the defendants' products were licensed either expressly or impliedly with no supporting facts including identification of a particular license agreement or facts giving rise to an implied license).

An implied license is created only in narrow circumstances, and to properly allege an implied license the Defendants must provide <u>factual</u> allegations establishing: "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee copy and distribute his work." *Thornton*, 580 F. Supp. 2d at 1281. Defendants do not allege any facts to support the existence of either an express or implied license, or the terms and scope of any such alleged license. Accordingly, Defendants' Sixth Affirmative Defense should be stricken.

**Defendants' Eleventh Affirmative Defense**

Defendants' Eleventh Affirmative Defense states: "Plaintiff's claims fail because of Plaintiff's failure to take reasonable steps to mitigate its alleged damages." This affirmative defense also constitutes bare-bones, conclusory allegation, which is totally devoid of any factual allegations to support it. An affirmative defense is deficient when it "contains a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Merrill Lynch*, at *12. It is appropriate for the Court to strike such a bare-bones, conclusory defense where the

defendant fails to state what measures the plaintiff allegedly failed to take to mitigate damages. *Merrill Lynch*, 2005 WL 975773, at *12 (citing *Ivanhoe Financial, Inc. v. Highland Banc Corp.*, No. 03-C-7336, 2004 WL 2091997, at *3 (N.D. Ill. September 15, 2004). *Wlodynski*, 2008 WL 2783148 at *2; *Microsoft Corp.*, 211 F.R.D. at 683); *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265 (M.D. Fla. August 21, 2008).

**Defendants' Twelfth Affirmative Defense**

Defendants' Twelfth Affirmative Defense states: "Any damages awarded to Plaintiff should be offset by the damages sustained by Defendants as a result of Plaintiff's wrongful conduct." Again, Defendants have plead mere conclusions and have not plead any facts. This affirmative defense, as plead, is insufficient as a matter of law because it fails to meet the general pleading requirements of Fed. R. Civ. P. 8, which requires a "short and plain statement of the defense asserted." *Wlodynski*, 2008 WL 2783148 at *2. An affirmative defense must be stricken if it fails to recite more than bare-bones conclusory allegations. *Id*. (citing *Microsoft Corp.,* 211 F.R.D. at 683); *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265 (M.D. Fla. August 21, 2008). This affirmative defense is totally devoid of any factual allegations describing the alleged wrongful conduct of Plaintiff, which are necessary to put the Plaintiff on notice as to the factual basis for the defense. Accordingly, it fails to meet the minimum pleading requirements of Fed. R. Civ. P. 8, and must be struck.

**Defendants' Fourteenth Affirmative Defense**

Defendants' Fourteenth Affirmative Defense states: "Plaintiff is barred from recovery in whole or in part by its prior breach of one or more dependent covenants of the agreement between the parties." Again Defendants have done nothing more than plead mere conclusions and Plaintiff is not on notice of what "agreement between the parties" Defendants are referring to, let alone what "dependent covenant" Defendants are attempting to rely upon as a defense to Plaintiff's claims. This affirmative defense is insufficient as a matter of law because it fails to meet the general pleading requirements of Fed. R. Civ. P. 8, which requires a "short and plain statement of the defense asserted." *Wlodynski*, 2008 WL 2783148 at *2. An affirmative defense must be stricken if it fails to recite more than bare-bones conclusory allegations. *Id*. (citing *Microsoft Corp.,* 211 F.R.D. at 683); *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265 (M.D. Fla. August 21, 2008).

**Defendants' Seventeenth Affirmative Defense**

Defendants Seventeenth Affirmative Defense states: "Plaintiff's claims are barred in whole or in part to the extent Plaintiff acquiesced in the actions and conduct of Defendants." An affirmative defense is insufficient as a matter of law if it is (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law. *Wlodynski*, 2008 WL 2783148 at *1 (citing *Microsoft Corp.,* 211 F.R.D. at 683).

The equitable defense of acquiescence consists of the following elements: (1) Plaintiff actively representing that he would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable;

11

and (3) the delay caused the defendant undue prejudice. *Thornton*, 580 F. Supp. 2d at 1281. Once again, the lack of factual allegation dooms this Affirmative Defense.

Alternatively, Fed. R. Civ. P. 12(f) explicitly allows the Court to strike from a pleading "any redundant" pleading. A defense of acquiescence is no different than a waiver defense, and accordingly this defense is redundant to Defendants' Second Affirmative Defenses, which alleges waiver, and suffers from the same infirmities discussed above addressing the Second Affirmative Defense.

**Defendants' Eighteenth Affirmative Defense**

Defendants Eighteenth Affirmative Defense states: "Plaintiff's claims are barred in whole or in part by the first-sale doctrine, 17 U.S.C. § 109."

This Section 109 codifies the so-called "first sale doctrine," which holds that once a copyright owner consents to the <u>sale</u> of particular copy of his work, he may not thereafter interfere with subsequent sales or distribution of that particular copy. *Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308, 1315 (S.D. Fla. 2008). To prevail on such a defense Defendants would be required to prove that "title to the copy passed through a first sale by the copyright holder." *Id*. There is no allegation in the Complaint nor have defendants alleged in any pleading that there was a sale. This is predictable as there was no sale in this case. Moreover, the first sale doctrine rarely applies in the software world because software is rarely sold. *Id*. This defense is wholly inapplicable here and should be stricken accordingly.

**Defendants' Nineteenth Affirmative Defense**

Defendants' Nineteenth Affirmative defense states: "Defendants' investigation into Plaintiff's claims is ongoing, and discovery has only recently commenced. Defendants therefore reserve the right to amend or add to their defenses after a reasonable opportunity for appropriate discovery." An affirmative defense is insufficient as a matter of law if it (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law. *Wlodynski*, 2008 WL 2783148 at *1 (citing *Microsoft Corp.,* 211 F.R.D. at 683). Here, the affirmative defense is clearly invalid as a matter of law because it does not raise any defense but rather merely attempts to preserve the right to raise additional unknown defenses. Accordingly, Defendants' Nineteenth Affirmative defense should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff, Pegasus Imaging Corporation's Motion to Strike Affirmative Defenses enumerated 1, 2, 3, 4, 6, 11, 12, 14, 17, 18, and 19 in Defendants' Amended Answer and Affirmative Defenses should be granted.[3]

Respectfully submitted this 20th day of May, 2009.

**ALLEN DELL, P.A.**

---

[3] Since Pegasus moves to dismiss the claims against it and certain affirmative defenses, Pegasus (pursuant to Fed. R. Civ. P. 12(a)(4) and supporting case law) does not at this time answer or reply to the remaining claims and affirmative defenses. "The majority of courts . . . have concluded that a party need not file an answer while a partial motion to dismiss is pending." *Beaulieu v. Board of Trustees of University of West Florida*, No. 3:07cv30/RV/EMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (collecting cases). *See also Richter v. Corporate Finance Associates, LLC*, No. 1:06-cv-1623-JDT-TAB, 2007 WL 1164649, at *2 (S.D. Ind. April 19, 2007) (same). *Finnegan v. University of Rochester Medical Center*, 180 F.R.D. 247, 250 (W.D.N.Y. 1998) (same); *Oil Express Nat'l. Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-21 (N.D. Ill. 1997) (same); *Brocksopp Eng'g. Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wis. 1991) (same).

        s/ David D. Ferrentino
        David D. Ferrentino, Esq. (Trial Counsel)
        Florida Bar No.: 908754
        dferrentino@allendell.com
        Richard A. Harrison, Esq.
        Florida Bar No.: 602493
        rharrison@allendell.com
        Tabatha A. Liebert
        Florida Bar No.: 0124052
        tliebert@allendell.com
        Patrick A. Traber, Esq.
        Florida Bar No.: 0015802
        ptraber@allendell.com
        ALLEN DELL, P.A.
        202 South Rome Avenue, Suite 100
        Tampa, Florida  33606
        Telephone: (813) 223-5351
        Facsimile:  (813) 229-6682
        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

        I hereby certify that on the 20th day of May, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:  **Michael S. Hooker, Esquire** and **W. Swain Wood, Esquire**

        s/ David D. Ferrentino
        David D. Ferrentino, Esq. (Trial Counsel)
        Florida Bar No.: 908754