# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PEGASUS IMAGING CORPORATION,

    Plaintiff,

v.                                                                  CASE NO: 8:08-CV-1770-T-30EAJ

ALLSCRIPTS HEALTHCARE
SOLUTIONS, INC. and ALLSCRIPTS, LLC,

    Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Defendants'
Counterclaims and Incorporated Memorandum of Law (Dkt. 60) and Defendants'
Memorandum in Opposition to Plaintiff's Motion to Dismiss Counterclaims (Dkt. 66). The
Court, having considered the motion, opposition, supporting memorandum, and being
otherwise advised on the premises finds that the motion to dismiss should be denied.

## BACKGROUND

On September 8, 2008, Pegasus Imaging Corporation ("Plaintiff") filed a complaint
against Allscripts Healthcare Solutions, Inc. and Allscripts, LLC, ( "Defendants"). (Dkt. 1).
On April 27, 2009, Defendants filed an Amended Answer, Defenses and Counterclaims.
(Dkt. 51). Defendants assert three counterclaims: (1) a breach of implied warranty of
merchantability (Count I); (2) a breach of implied warranty of fitness for a particular purpose
(Count II); and (3) invalidity of copyright (Count III).

On May 20, 2009, Plaintiff filed a Motion to Dismiss Defendants' Counterclaims and Incorporated Memorandum of Law. (Dkt. 60). Plaintiff asserts that Counts I and II fail to state claims upon which relief can be granted. On June 8, 2009, Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Dismiss, arguing that Counts I and II are sufficiently pled and a dismissal would be inappropriate at this stage. (Dkt. 66).

## DISCUSSION

## I.      Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as fats will not prevent dismissal." Davila v. Delta Air Lines, Inc. 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. V. Twombly, 550 U.S. 544 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than a "statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1964; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding

Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S. Court. 1937, 1949 (2009).

## II. Count I of Defendants' Counterclaim

Defendants allege in Count I of their counterclaim that Plaintiff breached an implied warranty of merchantability. Plaintiff moves to dismiss the claim for failing to allege a cause of action.

The elements of a claim of breach of warranty under Florida law are: (1) facts in respect to the sale of the goods; (2) type of warranty created; (3) facts in respect to the creation of that particular type of warranty; (4) facts of the breach of warranty; (5) notice to seller of breach; and (6) injuries sustained by the buyer as a result of the breach of warranty. Dunham-Bush, Inc. v. Thermo-Air Service, Inc., 351 So. 2d 351 (Fla. 4th DCA 1977).

Plaintiff argues Defendants' claims are vague and conclusory and that Defendants do not sufficiently allege the elements required for breach of warranty to survive a motion to dismiss. Specifically, Plaintiff claims that Defendants fail to allege conduct and/or circumstances that give rise to the implied warranties, Defendants never provided Plaintiff with notice of the product's alleged defects, and that there are no defects or warranty issues with the product.

A review of Count I and the supporting allegations demonstrates that Defendants asserted the necessary elements of the claim and sufficient factual details in support of the

claim.  Defendants allege Plaintiff's acts of offering and selling the Barcoding Subroutine (hereinafter referred to as "the product") created an implied warranty of merchantability. Defendants also allege that the product was unreliable and unstable and that they notified Plaintiff on multiple occasions that the product contained numerous defects.

At the motion to dismiss stage, the Court must assume the truth of these allegations and cannot consider Plaintiff's arguments that the product is not defective and that Defendants did not actually provide notice of any defects.  The Court also cannot consider Plaintiff's arguments that point to matters outside the four corners of the counterclaim. Accordingly, Plaintiff's motion to dismiss Count I is denied.

## III.    Count II of Defendants' Counterclaim

Defendants allege in Count II of their counterclaim that Plaintiff breached a warranty of fitness for a particular purpose.  Plaintiff moves to dismiss the claim for failing to allege a cause of action.

The elements required for a breach of warranty of fitness for a particular purpose are the same as those required for a breach of warranty of merchantability.  See Part II herein. Under Florida law:

> where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

Fla.Stat. §672.315.

Plaintiff argues that Count II is vague and conclusory.  Plaintiff also argues that Defendants failed to allege any facts supporting a creation of the warranty and that

Defendants never gave Plaintiff notice of any alleged defects with the product.

A review of Count II and the supporting allegations demonstrates that Defendants asserted the necessary elements of the claim and sufficient factual details in support of the claim. Specifically, Defendants allege how the warranty was created, state that Plaintiff knew the Defendants' intended use of the product and that Defendants wanted the product for a specific purpose and relied on Plaintiff's skill and judgment when they purchased the product. Defendants also allege that the product contained numerous defects that made it unfit for Defendants' particular use of the product and that they notified Plaintiff several times of the alleged defects.

At the motion to dismiss stage, the Court must assume the truth of these allegations and cannot consider Plaintiff's arguments that the warranty is not valid, the product is not defective and that Defendants did not actually provide notice of any defects. The Court also cannot consider Plaintiff's arguments that point to matters outside the four corners of the counterclaim. Accordingly, Plaintiff's motion to dismiss Count II is denied.

For the reasons set forth herein, it is hereby

ORDERED and ADJUDGED that Plaintiff's Motion to Dismiss Defendants' Counterclaims (Dkt. 60) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2008\08-cv-1770.mtdismiss.wpd