# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**PEGASUS IMAGING CORPORATION,**

    **Plaintiff,**

v.                                            Case No. 8:08-cv-1770-T-30EAJ

**ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS, LLC,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon the parties' pending motions in limine. On February 23, 2010, the Court held a hearing on the parties' pending motions in limine. The Court also discussed other miscellaneous issues with the parties. For the reasons stated on the record, it is therefore

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Exclude Proffered Report and Testimony of Ralph Oman (Dkt. 201) and Defendants' Motion in Limine to Exclude the Testimony of Plaintiff's Legal Experts (Dkt. 219) are hereby GRANTED IN PART AND DENIED IN PART. Ralph Oman ("Oman") can testify as to materiality and Plaintiff's legal experts can testify to the extent that they are rebutting Oman's testimony or testimony from any other expert offered by Defendants.

2. Defendants' Motion in Limine and Rule 37 Motion to Exclude the Exhibits to the Declaration of Evelyn Ashley (Dkt. 206) is hereby DENIED and Plaintiff's Motion for Judicial Notice (Dkt. 184) is hereby GRANTED.

3. Defendants' Motion in Limine to Exclude Evidence or Argument Relating to Entry of Default Against Defendants (Dkt. 207) is hereby GRANTED.

4. Defendants' Motion in Limine to Exclude Evidence or Argument Relating to Defendants' First and Second Counterclaims (Dkt. 208) is hereby GRANTED without prejudice.  If something comes up during trial relevant to this issue, counsel can approach the bench and discuss it further with the Court.

5. Defendants' Motion in Limine to Exclude Evidence of Originality of Product Versions Not at Issue (Dkt. 209) is hereby GRANTED to the extent that in proving the issue of originality, Plaintiff is limited to introducing evidence of the originality of the Smartscan Xpress Barcode or Barcode Express software toolkits prior to the entering of the License Agreement at issue in this case.

6. The Court hereby RESERVES RULING on Defendants' Motion in Limine to Exclude Evidence Relating to Alleged Copyright Infringement if the License Agreement Is Held to Be Valid with Regard to Defendants (Dkt. 210).

7. The Court hereby RESERVES RULING on Defendants' Motion in Limine to Exclude the Testimony of Plaintiff's Damages Expert Regarding Alleged Multiple Installations Per License and Per Server (Dkt. 211).  The Court will

rule on this issue at trial after the voir dire of this expert and may exclude the testimony at that point if appropriate.

8. Defendants' Motion in Limine to Exclude Or to Limit Evidence Regarding the Presence of Smartscan Xpress in Defendants' Products (Dkt. 212) is hereby DENIED. Defendants may make a stipulation to the jury regarding the presence of Smartscan Xpress in their products if they so choose.

9. Defendants' Motion in Limine to Exclude Evidence or Argument Relating to Packaging of Their Products and Consumer Confusion (Dkt. 213) is hereby DENIED. The Court may revisit this issue at the close of evidence.

10. Defendants' Motion in Limine and Rule 37 Motion to Exclude Documents Related to Gentriqs GMBH Not Produced During Discovery (Dkt. 214) is hereby DENIED.

11. Defendants' Motion in Limine to Exclude Evidence at Trial of Revenues Related to Service, Maintenance, and Support for Impact.MD and Touchworks (Dkt. 215) is hereby DENIED.

12. Defendants' Motion in Limine and Rule 37 Motion to Exclude Evidence at Trial of Gross Revenue of Defendants From Products Unrelated to Impact.MD or Touchworks Scan (Dkt. 216) is hereby GRANTED to the extent that Plaintiff cannot discuss Defendants' revenues that relate to products that do not contain Plaintiff's toolkit/software. The Court also ruled that five (5) days from the date of this Order, Plaintiff shall produce to Defendants a list of

Defendants' products that Plaintiff contends contain Plaintiff's toolkit/software.

13. Defendants' Motion in Limine to Exclude Evidence, Comment or Argument Relating to Penalties or Other Improper Measures of Damages (Dkt. 217) is hereby GRANTED.

14. Defendants' Motion in Limine to Exclude Evidence or Argument Relating to Defendants' Alleged Intent to Breach the License Agreement or Infringe Any Purported Copyright (Dkt. 218) is hereby GRANTED.  However, if Defendants argue their lack of intent, Plaintiff may argue intent.

15. Defendants' Amended Motion in Limine to Exclude the Testimony of Steven Mark Shugan (Dkt. 233) is hereby DENIED without prejudice to raise objections at trial.  (See Dkt. 231).

16. Defendants' <u>Sealed</u> Motion in Limine to Exclude the Testimony of Plaintiff's Expert David Collins is hereby DENIED, however, Mr. Collins shall only be used by Plaintiff in rebuttal as necessary.

17. Defendants' <u>Sealed</u> Motion in Limine to Exclude the Testimony of Robert L. Vigil is hereby DENIED.

18. Defendants' Amended Motion in Limine Regarding Testimony of Matthew J. Decker (Dkt. 232) is hereby DENIED without prejudice to raise objections at trial.  (See Dkt. 231).

19. Regarding the parties' objections to deposition designations, the parties shall confer on this issue and file amended objections to deposition designations by no later than this Friday, February 26, 2010.

20. The parties shall also confer on the issue of the production of witnesses at trial. If Defendants refuse to produce one of their employees and Plaintiff, as a result, must use that employee's deposition, Defendants are precluded from calling that employee live in the presentation of their case. This does not preclude Defendants from calling a witness live because Plaintiff opted to use the deposition instead of calling that witness live. The parties shall agree on who they will voluntary produce at trial one week from the date of this Order.

21. Plaintiff shall notify the Court one week from the date of this Order whether it will withdraw its copyright claims. If Plaintiff does not withdraw its copyright claims, then, at trial, the Court will take evidence of the validity of the License Agreement first.

**DONE** and **ORDERED** in Tampa, Florida on February 24, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1770.mils.frm